VICTORY, Judge,
dissenting.
The majority acknowledges, but does not apply the rule of law that penal statutes, like Louisiana Revised Statutes 9:3501, are to be strictly construed. Thus, the majority waters down the “contract” requirement of Section 3501 by holding that there was an implied agreement for usurious interest in this case, a conclusion unsupported by the record.
The evidence shows a bookkeeping error by one of the creditors, resulting in no damage whatsoever to the debtor. The record fails to. show the debtor was even conscious of the error, yet the majority finds an “implied agreement” to pay and receive usurious interest. The majority’s imagination that the debtor perhaps was reluctant to discuss this error with the creditors or was simply willing to pay usurious interest, is pure speculation.. Even the creditors were unaware of the miscalculation until trial.
As a result of this decision, the good faith creditors, who tolerated late payments from the debtor for over 20 years without foreelos-ing on the mortgage, are denied judgment for $8,398.77 still owed them under the note merely because they innocently miscalculated the interest on their books on overdue payments.
At no time was the debtor ever required to pay any extra money or interest at a rate in excess of 8%. He continued to irregularly make overdue payments at the same $75.00 rate provided in the note. In my view, the forfeiture of interest in this case violates the letter and spirit of Louisiana Revised Statutes 9:3501, as well as the rule of law that penal statutes are to be strictly construed.